SEP 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
for the Use and Benefit of PAGLIARO )
BROTHERS STONE COMPANY, INC. )
6301 Foxley Road )
Upper Marlboro, Maryland 20772, )

      Plaintiff,

v.

Case: 1:07-cv-01681
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 9/21/2007
Description: Contract

THE HANOVER INSURANCE COMPANY )
440 Lincoln Street )
Worcester, Massachusetts 01653, )
                             )
Serve: CT Corporation System, Registered Agent )
      1015 15th Street, N.W., Suite 1000 )
      Washington, D.C.  20005, )
                             )
      Defendant. )

## COMPLAINT

    COMES NOW the Use-Plaintiff, Pagliaro Brothers Stone Company, Inc. ("Pagliaro"), by and

through its undersigned counsel, for its Complaint against The Hanover Insurance Company, and

states as follows:

    1.      Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1332 and 40 U.S.C.

§§ 270 *et seq.*

    2.      Pagliaro is a Maryland Corporation, qualified to transact business in the State of

Maryland with its principal office located in Upper Marlboro, Maryland and  is generally engaged

in the stone fabrication and installation business.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

3.     The United States of America, acting by and through the General Services Administration (the "GSA"), solicited bids for certain construction work to correct water penetration problems at the Department of Education Educational Building, FOB No. 6, located at 400 Maryland Avenue, S.W., Washington, D.C. (the "Project").

4.     Upon information and belief, the GSA awarded the Project to Hillian Bros. & Sons, Inc. ("Hillian") and entered into a contract no. GS-11P030YAD0040 dated April 7, 2005 ("Contract").

5.     Pursuant to the terms of the Contract and the requirements of the federal Miller Act, Hillian was required to provide the GSA with a payment bond for the protection of those supplying labor, material, and equipment to the Project.

6.     The Project payment bond was provided by The Hanover Insurance Company ("Surety"), a true copy of which is attached hereto as Exhibit 1.

7.     Hillian entered into an agreement with Pagliaro dated June 13, 2005 whereby Pagliaro was to supply all labor, materials and equipment to perform certain stone restoration and cleaning, in accordance with the plans and specifications of the Project for the lump sum amount of Four Hundred Seventy-Seven Thousand Five Hundred Dollars ($477,500.00) (the "Subcontract").

8.     Pagliaro provided a line item breakdown for the Subcontract pricing.

9.     Pagliaro performed its work in accordance with Hillian's requests and directions and submitted progress billings for work completed.

10.     Upon information and belief, Hillian's contract was terminated by the GSA.

11.     More than ninety (90) days and less than one year has expired since Pagliaro last supplied, labor or materials to the Project.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

12.    All conditions precedent have been satisfied to bring the instant action.

## COUNT I

13.    Plaintiff incorporates the allegations of Paragraphs 1 through 12 of this Complaint as if fully restated herein as Paragraph 13.

14.    Pagliaro performed the work and submitted monthly invoices that were reviewed and approved by Hillian.

15.    As of the date of termination, Pagliaro had invoiced for work performed on Phases A through D in the amount of Two Hundred Two Thousand Eight Hundred Twenty-Five Dollars ($202,825.00).

16.    Hillian has paid Pagliaro One Hundred Fifty-Six Thousand Eight Hundred Fifty- Five Dollars ($156,855.00), leaving an amount due and owing of Forty-Five Thousand Nine Hundred Seventy Dollars ($45,970.00).

WHEREFORE, Pagliaro Brothers Stone Co., Inc. requests judgment against the Hanover Insurance Company in the amount of  Forty-Five Thousand Nine Hundred Seventy Dollars ($45,970.00) plus interest, cost, and attorney fees.

## COUNT II

17.    Plaintiff incorporates the allegations of Paragraphs 1 through 12 of this Complaint as if fully restated herein as Paragraph 17.

18.    At Hillian's request and direction, Pagliaro performed work in excess of its Subcontract requirements, for which it submitted invoices to Hillian.

19.    Pagliaro performed work to remove additional column stone and submitted its claim in the amount of Forty-Two Thousand Five Hundred Eighty-Six Dollars ($42,586.00).

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

3

20.     Hillian directed Pagliaro to perform additional work to replace stone at the planters, for which Pagliaro submitted invoices to Hillian in the amount of Eleven Thousand One Hundred Thirty Dollars ($11,130.00).

21.     At Hillian's request and direction, Pagliaro performed work on a time and material basis and invoiced Hillian in the amount of Ten Thousand Eight Hundred Twelve Dollars and Eighty-Nine Cents ($10,812.89).

22.     The amount of the additional work for which Pagliaro remains unpaid is Sixty-Four Thousand Five Hundred Twenty Eight Dollars and Eighty-Nine Cents ($64,528.89).

23.     Despite demands, Hillian and Hanover have failed and refused to pay Pagliaro.

24.     All conditions to the filing of the instant action have been satisfied.

WHEREFORE, Pagliaro Brothers Stone Company, Inc. requests judgment against the Hanover Insurance Company in the amount of Sixty-Four Thousand Five Hundred Twenty-Eight Dollars and Eighty-Nine Cents ($64,528.89) plus interest, cost, and attorney fees.

Respectfully submitted by,

Leonard A. Sacks, Esq., DC Bar No. 150268
Leonard A. Sacks & Associates, P.C.
One Church Street • Suite 303
Rockville, Maryland 20850
(301) 738-2470

*Counsel for Pagliaro Brothers Stone Company*

Law Offices
**LEONARD A. SACKS &**
**ASSOCIATES, P.C.**
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

United States of America f/u/b/o
Pagliaro Brothers Stone Company, Inc.   86868

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

The Hanover Insurance Company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Leonard A. Sacks, Esq.
Leonard A. Sacks & Associates, P.C.
One Church Street, Suite 303
Rockville, Maryland 20850          (301) 738-2470

Case: 1:07-cv-01681
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 9/21/2007
Description: Contract

---

## II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

O 1 U.S. Government
   Plaintiff

O 2 U.S. Government
   Defendant

O 3 Federal Question
   (U.S. Government Not a Party)

⊙ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | ⊙ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

**O E. General Civil (Other)**          OR          **O F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ◎ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◎ 1 Original Proceeding　○ 2 Removed from State Court　○ 3 Remanded from Appellate Court　○ 4 Reinstated or Reopened　○ 5 Transferred from another district (specify)　○ 6 Multi district Litigation　○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC § 1332 - Diversity of Citizenship

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $ 110,498.89<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐　NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**　(See instruction)　YES ☐　NO ☒　If yes, please complete related case form.

DATE 9/20/07　SIGNATURE OF ATTORNEY OF RECORD _(signature)_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.　COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.　CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.　CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.　CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.　RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) April 5, 2005 | FORM APPROVED OMB NO 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| Hillian Brothers and Sons, Inc. 8501 Ardwick-Ardmore Road Landover, MD 20785 | ☐ INDIVIDUAL ☐ PARTNERSHIP ☐ JOINT VENTURE ☒ CORPORATION STATE OF INCORPORATION Maryland |

| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| The Hanover Insurance Company PO Box 85612 Richmond, VA 23226 | MILLION(S) 3 | THOUSAND(S) 315 | HUNDRED(S) 525 | CENTS 00 |
| | CONTRACT DATE 03/31/05 | CONTRACT NO. GS11P03YAD0040 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| PRINCIPAL | | | | |
|---|---|---|---|---|
| Hillian Brothers and Sons, Inc. | | | | |
| SIGNATURE(S) | 1. *(signature)* (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | Jeremiah Hillian President | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

**FILED**

| CORPORATE SURETY(IES) | | |
|---|---|---|
| SURETY A | NAME & ADDRESS | The Hanover Insurance Company, Richmond, VA 23226 | STATE OF INC. NH | LIABILITY LIMIT $ |
| | SIGNATURE(S) | 1. *(signature)* | 2. |
| | NAME(S) & TITLE(S) (Typed) | 1. Michael E. Schendel Attorney-in-Fact | 2. |

SEP 2 1 2007
Corporate
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NSN 7540-01-152-8081
Previous edition not usable

25-205

(REV. 1-90) (FR) 53.228(c)

EXHIBIT
1

07 1681

This Power of Attorney may not    ed to execute any bond with an inception o    ıfter 2/1/2006

**THE HANOVER INSURANCE COMPANY**
**MASSACHUSETTS BAY INSURANCE COMPANY**
**CITIZENS INSURANCE COMPANY OF AMERICA**

*POWERS OF ATTORNEY*
*CERTIFIED COPY*

KNOW ALL MEN BY THESE PRESENTS: That THE HANOVER INSURANCE COMPANY and MASSACHUSETTS BAY INSURANCE COMPANY, both being corporations organized and existing under the laws of the State of New Hampshire, and CITIZENS INSURANCE COMPANY OF AMERICA, a corporation organized and existing under the laws of the State of Michigan, do hereby constitute and appoint

Michael E. Schendel, Debra L. Stewart and/or Anthony J. Pung

of Laurel, MD    and each is a true and lawful Attorney(s)-in-fact to sign, execute, seal, acknowledge and deliver for, and on its behalf, and as its act and deed any place within the United States, or, if the following line be filled in, only within the area therein designated

any and all bonds, recognizances, undertakings, contracts of indemnity or other writings obligatory in the nature thereof, as follows:
-Any such obligations in the United States, in any amount -

And said companies hereby ratify and confirm all and whatsoever said Attorney(s)-in-fact may lawfully do in the premises by virtue of these presents.
These appointments are made under and by authority of the following Resolution passed by the Board of Directors of said Companies which resolutions are still in effect:

"RESOLVED, That the President or any Vice President, in conjunction with any Assistant Vice President, be and they are hereby authorized and empowered to appoint Attorneys-in-fact of the Company, in its name and as its acts, to execute and acknowledge for and on its behalf as Surety any and all bonds, recognizances, contracts of indemnity, waivers of citation and all other writings obligatory in the nature thereof, with power to attach thereto the seal of the Company. Any such writings so executed by such Attorneys-in-fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company in their own proper persons." (Adopted October 7, 1981 - The Hanover Insurance Company; Adopted April 14, 1982 - Massachusetts Bay Insurance Company; Adopted September 7, 2001 - Citizens Insurance Company of America )

IN WITNESS WHEREOF, THE HANOVER INSURANCE COMPANY , MASSACHUSETTS BAY INSURANCE COMPANY and CITIZENS INSURANCE COMPANY OF AMERICA have caused these presents to be sealed with their respective corporate seals, duly attested by a Vice President and an Assistant Vice President, this 1st    day of February    2003

  

THE HANOVER INSURANCE COMPANY
MASSACHUSETTS BAY INSURANCE COMPANY
CITIZENS INSURANCE COMPANY OF AMERICA

*Richard M. Van Steenburgh, Vice President*

*Ronald Rilland, Assistant Vice President*

THE COMMONWEALTH OF MASSACHUSETTS    )
COUNTY OF WORCESTER    )  ss.
On this 1st    day of February    2003 before me came the above named Vice President and Assistant Vice President of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America, to me personally known to be the individuals and officers described herein, and acknowledged that the seals affixed to the preceding instrument are the corporate seals of The Hanover Insurance Company Massachusetts Bay Insurance Company and Citizens Insurance Company of America, respectively, and that the said corporate seals and their signatures as officers were duly affixed and subscribed to said instrument by the authority and direction of said Corporations.

(Seal)    NOTARY PUBLIC

*Barbara A. Garlick, Notary Public*
My Commission Expires November 26, 2004

I, the undersigned Assistant Vice President of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America, hereby certify that the above and foregoing is a full, true and correct copy of the Original Power of Attorney issued by said Companies, and do hereby further certify that the said Power of Attorney are still in force and effect.

This Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America.

"RESOLVED, That any and all Powers of Attorney and Certified Copies of such Powers of Attorney and certification in respect thereto, granted and executed by the President or any Vice President in conjunction with any Assistant Vice President of the Company, shall be binding on the Company to the same extent as if all signatures therein were manually affixed, even though one or more of any such signatures thereon may be facsimile." (Adopted October 7, 1981 - The Hanover Insurance Company; Adopted April 14, 1982 - Massachusetts Bay Insurance Company; Adopted September 7, 2001 - Citizens Insurance Company of America )

GIVEN under my hand and the seals of said Companies, at Worcester, Massachusetts, this 5th day of April    2005

THE HANOVER INSURANCE COMPANY
MASSACHUSETTS BAY INSURANCE COMPANY
CITIZENS INSURANCE COMPANY OF AMERICA

*Charles T. Wells, Assistant Vice President*