IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>for the use and benefit of PAGLIARO<br>BROTHERS STONE COMPANY, INC.<br><br>      **Plaintiff,**<br><br>v.<br><br>THE HANOVER INSURANCE CO.<br><br>      **Defendant.** | Case No. 1:07-cv-01681<br>(Judge C. Kollar-Kotelly) |

## JOINT REPORT PURSUANT TO FED.R.CIV.P. 26(f) AND LCvR 16.3

Counsel for Plaintiff and Defendant, having conferred on November 13, 2007, to discuss the status of this case, possibilities for a prompt settlement or resolution of the case, and how discovery should proceed, hereby propose to the Court this Joint Report pursuant to Fed.R.Civ.P. 26(f) and the LCvR 16.3:

**Brief Statement of the Case and Statutory Basis for All Causes of Action and Defenses.**

Plaintiff, Pagliaro Brothers Stone Company, Inc. ("Pagliaro"), subcontracted with Hillian Bros. & Sons, Inc. ("Hillian Brothers"), to perform work at the Department of Education Building, located at 400 Maryland Avenue, S.W., Washington, D.C. Hillian Brothers, as required by its prime contract with the General Services Administration, posted a payment bond through the Defendant, The Hanover Insurance Company ("Hanover"), the payment bond surety. The rights and obligations under the payment bond are governed by the Miller Act, 40 U.S.C. §§ 3131 *et. seq*.

In this action, Pagliaro makes claims in the amount of $45,970.00 for unpaid contract work and, $64,528.89 for additional work, against the Hanover payment bond. Hanover asserts that Pagliaro's claims are premature, and that the amounts claimed are not presently due and

owing to Pagliaro. Hillian Brothers has not been paid for the work for which Pagliaro has brought suit, and Pagliaro's claims are included in certain claims brought by Hillian Brothers against the government in *Hillian Brothers and Sons, Inc. v. United States,* U. S. Court of Federal Claims, Case No. 07-326C. Defendant also asserts that the amounts claimed by Pagliaro are incorrect.

Pagliaro maintains that the claims are due and owing and that a "pay when paid" defense is not a defense available to a payment bond surety.

### LCvR 16.3(c) Report

1. Likelihood of disposal by dispositive motion: The parties believe that resolution of the substantive issues in this matter by dispositive motion is a possibility. Defendant intends to file a motion requesting a stay or dismissal of this action given the pending action before the Court of Federal Claims. Plaintiff contends that it is entitled to judgment because the surety does not have a defense to the claims.

2. The parties agree that no other parties shall be joined or any pleadings amended after March 7, 2008. Although no stipulations have been agreed to at this time, the parties will continue to discuss the possibility of agreeing to or narrowing the factual and legal issues.

3. The parties are willing to have this case assigned to a magistrate judge.

4. The possibility of settlement is being evaluated.

5. The parties have discussed ADR procedures and do not believe ADR will resolve this matter.

6. The parties have agreed that all dispositive motions will be filed on or before May 21, 2008.

7. The parties have agreed to dispense with the initial disclosures required by

Fed.R.Civ.P. 26(a)(1).

8. The parties have agreed that all discovery (including experts) will be completed by May 7, 2008.

9. The parties have agreed that expert reports will be due by March 12, 2008. Rebuttals to expert reports, if any, will be due by April 11, 2008.

10. Does not apply [class actions].

11. The administration of this case would not be facilitated by bifurcation or phasing.

12. The parties request a pretrial conference on July 9, 2008, or as soon thereafter the Court may provide.

13. The parties hereby request that the trial date be set at the pre-trial conference.

14. The parties agree that the dates listed above may be altered upon stipulation or Order of the Court.

     Respectfully submitted,

| LEONARD A. SACKS & ASSOCIATES, P.C. | GREENBURG, SPENCE & TAYLOR, LLC |
|---|---|
| By: _____/S/_____<br> Leonard A. Sacks, Esq.<br> D.C. Bar # 150268<br> One Church Street, Suite 303<br> Rockville, Maryland 20850<br> (301) 738-2470<br> (301) 738-3705 (fax)<br><br>Attorneys for Plaintiff, Pagliaro Brothers Stone Company, Inc. | By:_____/S/_____<br> Donald H. Spence, Jr., Esq.<br> D.C. Bar 382567<br> Michael P. Marchetti, Esq.<br> D.C. Bar No.473717<br> 51 Monroe Place, Suite 707<br> Rockville, Maryland 20850<br> (301) 610-0010<br> (301) 610-0021 fax<br><br>Attorneys for Defendant, The Hanover Insurance Company |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of PAGLIARO BROTHERS STONE COMPANY, INC.<br><br>**Plaintiff,**<br><br>v.<br><br>**THE HANOVER INSURANCE CO.**<br><br>**Defendant.** | Case No. 1:07-cv-01681<br>(Judge C. Kollar-Kotelly) |

## SCHEDULING ORDER

Upon consideration of the parties Joint Report Pursuant to Fed.R.Civ.P. 26(f) and LCvR 16.3, it is this _____ day of December, 2007, by the U.S. District Court for the District of Columbia

ORDERED, that the scheduling order deadlines be, and they hereby are, ORDERED as follows:

    a.    The deadline to join a parties or amend pleadings will be March 7, 2008;

    b.    The deadline for expert reports will be March 12, 2008, and rebuttal expert reports, if any, will be April 11, 2008;

    c.    The deadline for the completion of all discovery (including experts) will be May 14, 2008;

    d.    The deadline to file dispositive motions will be May 21, 2008;

    e.    The pre-trial conference will be set in for July 9, 2008.

 

_____
COLLEEN KOLLAR-KOTELLY,
United States District Judge

Copies to:

Donald H. Spence, Jr., Esq.
Michael P. Marchetti, Esq.
Greenburg, Spence & Taylor, LLC
51 Monroe Place, Suite 707
Rockville, Maryland 20850


Leonard A. Sacks, Esq.
Leonard A. Sacks & Associates, P.C.
One Church Street, Suite 303
Rockville, Maryland 20850